Gerald F. WARREN, Claimant–
Appellant,

v.

R. James NICHOLSON, Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 2006–7324.

United States Court of Appeals,
Federal Circuit.

Dec. 29, 2006.

Gerald F. Warren, pro se.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Gerald F. Warren's appeal from the Court of Appeals for Veterans Claims' decision in *Warren v. Nicholson,* 06–0456, for lack of jurisdiction. Warren opposes.

In its May 11, 2006 order, the Court of Appeal for Veterans Claims construed various pleadings filed by Warren "as a petition for the Court to provide Mr. Warren equitable relief or order the Secretary to

act in that regard." Applying precedent, the Court of Appeals for Veterans Claims explained that it "may not award equitable relief, no matter how compelling the facts." The Court of Appeals for Veterans Claims further stated that, under the applicable law, it could not compel the Secretary to exercise equitable relief, as that decision is entirely discretionary and unreviewable. Accordingly, the Court of Appeals for Veterans Claims dismissed Warren's appeal for lack of jurisdiction. Warren appeals.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). Absent a constitutional question, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In this instance, Warren does not raise an issue within our jurisdiction because the Court of Appeals for Veterans Claims merely applied the law to the facts of Warren's case. *See* 38 U.S.C. § 7292(d).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.